## AFFIDAVIT FOR SEARCH WARRANT

I, Charles G. Dionne, being duly sworn on oath, hereby depose and state the following:

I. AFFIANT'S QUALIFICATIONS

1. I am a Special Agent with the United States Department of Transportation (DOT), Office of Inspector General (OIG), Cambridge, Massachusetts, and have worked as a Special Agent for DOT-OIG and other federal law enforcement agencies for more than 9 years. During that time, I have personally participated in numerous investigations, search warrants, and arrests related to various types of fraud against the United States and transportation safety criminal violations. Among other federal crimes, I have investigated offenses involving the illegal transportation of hazardous materials. I have also received training in the investigation of criminal violations of Title 18 and Title 49 of the United States Code that are relevant to the DOT, and the Federal Aviation Administration (FAA). The FAA's responsibilities include monitoring and enforcing compliance with regulations governing safety and commerce related to air transportation, in particular Title 49 Code of Federal Regulation (49 CFR), Part 171 through 177 (Hazardous Materials Regulations), which governs the transportation of hazardous materials by aircraft.

2. The facts set forth in this affidavit are based on my own investigation, which includes, but is not limited to, witness interviews; my review of documents and records pertinent to this investigation; information I have received from the FAA hazardous materials branch; and my training and experience. The purpose of this affidavit is limited to showing that probable cause exists to support the issuance of a search warrant. Accordingly, while this affidavit contains all the material information I am aware of that is pertinent to the requested search warrant, it does not include each and every fact known by me or other investigators concerning

this investigation. Unless otherwise noted, all statements set forth in this affidavit that are attributed to sources of information are stated in substance and in part.

II. PURPOSE OF AFFIDAVIT

3. I respectfully submit this affidavit under Federal Rule of Criminal Procedure 41 in support of an application for a warrant to search the premises described in Section III and Attachment A of this affidavit, entitled "PREMISES TO BE SEARCHED" for evidence of violations of transporting hazardous material in violation of Title 49, United States Code, Section 46312.

III. PREMISES TO BE SEARCHED

4. The premises to be searched are:

a. The offices and storage areas of Federal Express (hereinafter "FEDEX"), 10 Industrial Drive, Londonderry, NH 03053. The building is located adjacent to the Manchester - Boston Regional Airport and consists of offices and warehouse space. The building is used as a store front, warehouse, and operations facility ("SUBJECT PREMISES"). SUBJECT PREMISES is further described in Attachment A.

IV. ITEMS TO BE SEIZED

5. The items to be seized are evidence of a crime and property used in committing the crime of transporting hazardous material in violation of 49 U.S.C. § 46312. See Attachment B.

V. LAWS GOVERNING THE TRANSPORTATION OF HAZARDOUS MATERIAL BY AIRCRAFT

6. As a Special Agent with DOT-OIG, I am familiar with the federal statutes and regulations governing the transportation of hazardous material by aircraft. In relevant part, these statutes and regulations provide as follows:

a. Title 49, United States Code, Section 46312 makes it a crime for a person to willfully deliver, or cause to be delivered, property containing hazardous material to an air carrier or to an operator of a civil aircraft for transportation in air commerce; or to recklessly cause the transportation in air commerce of the property.

b. Title 49, United States Code, Section 5102 provides that "'hazardous material' means a substance or material the Secretary [of the Department of Transportation] designates under section 5103(a) of this title." Title 49, United States Code, Section 5103(a) provides that the "Secretary [of the Department of Transportation] shall designate material (including ... flammable or combustible liquid ...) ... as hazardous when the Secretary determines that transporting the material in commerce in a particular amount and form may pose an unreasonable risk to health and safety or property."

c. The Secretary of the Department of Transportation has designated paint related material including paint thinning, drying, removing, or reducing compound as a hazardous material. 49 CFR § 172.101.

d. A person offering to ship hazardous material is required to properly classify, describe, package, mark, and label a packages containing hazardous material. 49 CFR § 171.2(e). A package containing hazardous material must be marked and labeled as containing hazardous material. 49 CFR §§ 172.300(a) and 172.400(a). Non-bulk shipments of hazardous materials must be packaged in a manner that, among other requirements, secures and cushions the contents to prevent breakage or leakage and to control shifting of the material, and that minimizes heat generating friction that may occur during shipment. 49 CF § 173.24a.

3

VI. STATEMENT OF PROBABLE CAUSE

A. Summary of the Investigation

7. This investigation focuses on the undeclared and illegal shipment of hazardous material by aircraft perpetrated by Stephanie Julien (JULIEN). As described in more detail below, JULIEN introduced a package containing hazardous material to FEDEX for shipment from Waldorf, MD to Salem, NH. During the preparation of the shipping documents, JULIEN did not identify the items to be shipped as "dangerous goods," a term used by FEDEX to describe hazardous materials. FEDEX specifically asks its shippers if packages contain dangerous goods because there are specific regulations governing the shipment of dangerous goods that must be followed in order to maintain public safety. The majority, if not all, of FEDEX packages are transported by air.

8. I have learned, through interviews with FEDEX employees and a review of FEDEX Air Bill 796495813190 tracking information that JULIEN dropped off a package for FEDEX shipment on August 20, 2013, at a FEDEX Drop Box located in Crofton, MD. The package was scheduled for weekday delivery from JULIEN to a recipient in Salem, NH. The package weighed 34 pounds.

9. The package was retrieved from the Drop Box and accepted for shipment by FEDEX on August 20, 2013.

10. On August 20, 2013, the package was transported to the Baltimore FEDEX ramp at Baltimore Washington International Airport, Baltimore, MD, where it was loaded onto a FEDEX cargo aircraft and flown to the FEDEX sorting facility at the Memphis International Airport, Memphis, TN, with an arrival date of August 20, 2013.

11. On August 21, 2013, the package was transported by air from the Memphis International Airport, Memphis, TN, to the Manchester-Boston Regional Airport, Londonderry, NH, FEDEX facility.

12. On August 22, 2013, FEDEX determined the package was scheduled to be delivered to an address that FEDEX no longer delivers to due to internal FEDEX security reasons. A FEDEX employee then attempted to contact the shipper, JULIEN, to arrange a return shipment; however, the telephone number provided to FEDEX by JULIEN was not operational. Due to the inability to deliver the package and the inability to contact the shipper, FEDEX policy states that the package is to be sent to the FEDEX "over goods"[1] facility in Memphis, TN.

13. On August 22, 2013, in preparation for the package to be sent to the "over goods" facility, a FEDEX employee discovered the package contained a liquid and the items inside the package were making noise similar to noise made when two metal objects strike each other. The FEDEX employee, in accordance with FEDEX policy and FEDEX management approval, opened the package to discover it contained a hazardous, extremely flammable material that was not declared to FEDEX upon shipment by JULIEN.

14. The FEDEX dangerous goods specialist for the Londonderry, NH, FEDEX facility took possession of the package along with its contents for safekeeping.

15. On September 26, 2013, I inspected the package and its contents. The outer package was a plain fiberboard box that bore no markings or labels indicating that it contained hazardous material. A FEDEX tracking label with the number 796495813190 was affixed to the exterior of the box. The box contained no inner packaging or cushioning to protect the contents of the package. The box was slightly damaged and the metal containers inside the box were also

---

[1] The term "over goods" is used by FEDEX to describe the facility where undeliverable and/or unclaimed packages are sent for safe keeping.

damaged. The contents of the package were two one gallon metal cans of fluid. The cans were labeled "Ultra Everdry Part # 403 Top Coat" and Ultra Everdry Part # 402 Bottom Coat" Both cans were marked "Danger: Extremely Flammable."

16. I later reviewed material safety data sheets for these products, which identified them as hazardous materials that were highly flammable liquids and vapors. Based on my examination of the contents of the package and my review of the product safety data sheets I determined that the package contained hazardous materials, specifically paint related materials classified as UN1263 Group 3 flammable liquids.

17. On January 9, 2014, I coordinated with the FEDEX dangerous goods specialist who confirmed the package is secured in their offices in Londonderry, NH, and will remain secured in their office pending its seizure by law enforcement officials acting under the authority of a duly issued search warrant.

VII. CONCLUSION

18. Based on the facts and circumstances described above, probable cause exists to believe that the items and property described in Section IV and Attachment B will be found at the subject premises described in Section III and Attachment A.

Charles G. Dionne, Special Agent
U.S. Department of Transportation
Office of Inspector General

Sworn and subscribed before me this 31st day of January, 2014, at Concord, New Hampshire.

Joseph DiClerico
United States District Judge

6

## ATTACHMENT A

The premises to be searched are the offices and storage areas of Federal Express (hereinafter "FEDEX"), 10 Industrial Drive, Londonderry, NH 03053. The building is located adjacent to the Manchester - Boston Regional Airport and consists of offices and warehouse space. The building is used as a store front, warehouse, and operations facility ("SUBJECT PREMISES").

## **ATTACHMENT B**

Items to be searched, located, and seized from the SUBJECT PREMISES are:

One plain fiberboard box bearing FEDEX tracking number 796495813190 containing two metal containers labeled as "Ultra Ever Dry."